Saul S. Stbeit, J.
This is a motion pursuant to rule 106 of the Rules of Civil Practice to dismiss the second cause of action on the ground that it does not state a cause of action. The causes of action arise out of securities purchased by the plaintiff. The first cause of action is rested on the Securities Act of 1953 and the purchase of the securities from the defendants. The third cause of action is based upon the same purchases and upon the theory of common-law deceit. The second cause is based upon purchases made from another broker and upon the theory of common-law deceit.
The second cause of action alleges that the plaintiff was a customer of the defendant partnership and that the individual defendant was a registered representative; that the individual made certain representations to the plaintiff with respect to a security and that the plaintiff relied on such representations and purchased shares of the securities from another broker; that such representations were false; that with the knowledge of the true facts or with wanton and reckless disregard of the true facts but with the intent that the plaintiff rely thereon in making the aforesaid purchases the individual made such representations concerning the securities; that the plaintiff continued to hold possession of the securities on the basis of the representations of the individual that he would make good the losses suffered by the plaintiff as a result of her purchase of the security at his recommendation; that the securities are presently worthless or substantially so; and that as a result of the fraud and deceit of the defendants the plaintiff has suffered a loss with respect to the securities.
The position of the plaintiff is based upon section 352-c of the G-eneral Business Law pursuant to which misstatements and misrepresentations by persons engaged in the sale of securities are prohibited. The intention of this statute is to protect the general public against fraud in the sale of securities. To extend the statute so as to apply to the facts in this case would be going beyond the intention of the statute. The statute cannot be reasonably extended to cover a purchaser who does not make his purchase from the misrepresenter, but makes such purchases from another broker. To place the responsibility for the possible purchase of unlimited number of shares from an unlimited number of brokers on the defendants is unreasonable and unrealistic.
As stated in Jex v. Straus (122 N. Y. 293, 301): “ The law requires that the injury must proceed so directly from the wrongful act that according to common experience in the usual course *106 of events it might, under the particular circumstances, have been reasonably expected.”
Likewise, if the second cause of action is said to be based upon fraud, it is insufficient for the same reason as under the statute. The motion to dismiss the second cause of action is granted.