Robert Francis **LUPARDO**, Plaintiff,

v.

**I.N.M. INDUSTRIES CORPORATION,** Paul Wintner, Milton Schonberger, and Bernard Winstral, Defendants.

United States District Court
S. D. New York.
Jan. 8, 1965.

Delson & Gordon, New York City, for plaintiff, Harold I. Kahen, Norman Moloshok and Richard J. Schwarzstein, New York City, of counsel.

Joseph Hirschmann, New York City, for defendants.

METZNER, District Judge.

On this motion defendants move for various forms of relief pursuant to F.R. Civ.P. 9(b), 12(b) (1) and 12(b) (6). Affidavits have been submitted by the moving parties in connection with this motion, but they have been disregarded by the court, since the motion will be decided solely under the rules set forth above.

The complaint, on its face, alleges a violation of the Securities Act of 1933 and the Securities Exchange Act of 1934. This is sufficient to sustain jurisdiction as alleged under 28 U.S.C. § 1331. Jurisdiction of the second count can be sustained either on the grounds of diversity of the parties or on the theory of pendent jurisdiction. Siler v. Louisville & Nashville R.R., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

The complaint sufficiently sets forth a claim upon which relief can be granted, and this is true as to each of the three counts set forth therein. The specific relief and the amount thereof to be afforded the plaintiff will depend on the outcome of the trial. See Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940).

The claim by defendants that the complaint fails to comply with F.R.Civ.P. 9(b) is without merit, as can readily be seen by reading paragraphs 12, 18, 19 and 20 of the complaint.

Now as to the attack on count 3 of the complaint. This count alleges a violation of section 352–c of the General Business Law of New York, McKinney's Consol. Laws, c. 20, which makes "illegal" certain specified practices in relation to transactions in securities. The section contains a subdivision to the effect that anyone engaging in such prohibited practices shall be guilty of a misdemeanor. Defendants argue that this statute is penal in nature and does not create a private right of action.

The Blue Sky Laws of New York have no express private civil liability provisions of any kind. Such liability can only be created by implication. As stated in 3 Loss, Securities Regulation 1632 (2d ed. 1961):

"Under those statutes, as well as such of the other forty-three as do not explicitly or implicitly exclude the judicial recognition of *implied* remedies, there is room for application of the common law doctrine which makes torts out of certain crimes or, as we shall see, for the use of certain theories based on the law of contracts or restitution."

See also Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 787 (2d Cir.1951); 2 Loss, Securities Regulation 932–46 (2d ed. 1961).

■ The purpose of section 352–c is to protect the public against fraud in the sale of securities. Herdegen v. Paine, Webber, Jackson & Curtis, 31 Misc.2d 104, 220 N.Y.S.2d 459 (Sup.Ct.1961). It sets up a standard of responsibility. Defendants' argument has been fully answered in Reitmeister v. Reitmeister, 162 F.2d 691 (2d Cir.1947). That case dealt with the Communications Act of 1934 (47 U.S.C. § 605), which provided only criminal liability for one who improperly divulged the contents of a telephone message. The court said:

"Although the Act does not expressly create any civil liability, we can see no reason why the situation is not within the doctrine which, in the absence of contrary implications, construes a criminal statute, enacted for the protection of a specified class, as creating a civil right in members of the class, although the only express sanctions are criminal." 162 F.2d at 694.

■ Section 51 of the Insurance Law of New York, McKinney's Consol. Laws, c. 28, prohibits the sale of the stock of an insurance company not authorized to do business in New York, unless the seller is licensed pursuant to the provisions of this section. Section 5 of that law makes it a misdemeanor to violate section 51. In Atkin v. Hill, Darlington & Grimm, 15 App.Div.2d 362, 224 N.Y.S.2d 553 (1962), the court sustained a right of action in rescission based on a violation of section 51 of the Insurance Law. The court stated:

" * * * but where the statute is applicable its endeavor to protect the public is thus seen to be so emphatic that allowance of rescission in a proper case is in our opinion essential to carry out the Legislature's intent". 224 N.Y.S.2d at 557.

This decision indicates that, if the New York courts were presented with a civil action under section 352–c as here presented, they would adopt the reasoning in the Reitmeister case, supra.

Motion denied. So ordered.