Abraham J. Gellihoff, J.
Motions No. 48 and No. 49 of March 2, 1972 are consolidated.
The defendants move to dismiss the complaint, asserting that it fails to state a cause of action. In the alternative, they seek to stay prosecution of this action until determination of several class actions involving basically the same facts, now pending in the United States District Court for the Southern District of New York.
The first cause of action alleges a violation by defendants of subdivision (a) of section 17 of the Securities Act of 1933 (U. S. Code, tit. 15, § 77q). Defendants assert that subdivision (a) of section 17 does not give rise to a private cause of action for damages and that, in any event, sufficient allegations have not been made to show a violation of subdivision (a) of section 17 by these defendants.
Subdivision (a) of section 17 provides that:
“It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly —
“(1) to employ any device, scheme or artifice to defraud, or
“(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
“(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.” Section 24 of the Securities Act (U. S. Code, tit. 15, § 77x) provides that a violation is punishable *1070 by fine or imprisonment, but no civil remedy is expressly prescribed.
In urging that subdivision (a) of section 17 neither implicitly nor impliedly creates a private cause of action for damages, defendants rely heavily on a recent decision in the United States District Court for the District of Maine (Dyer v. Eastern Trust & Banking Co., 336 F. Supp. 890 [N. D., 1971]). However, as that court itself acknowledged (p. 903), “ other courts have expressly recognized the existence of such a remedy” — including the United States Court of Appeals for the Second Circuit, and various Judges of the District Court for the Southern District of New York. In this court’s opinion, those latter decisions are supported by precedent and reason, and should be applied here.
The general rule that statutes which on their face provide penal sanctions also imply a private right of action, finds its roots in Couch v. Steel (118 Eng. Rep. 1193 [Q. B., 1854]). The rule was adopted by the Supreme Court in Texas & Pacific Ry. v. Rigsby (241 U. S. 33 [1916]), where the court considered an action based upon an alleged violation of the Safety Appliance Act, which provided only penal sanctions. The court held (p. 39): “ A disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied, according to a doctrine of the common law expressed * * * in these words: 1 So, in every case, where a statute enacts, or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of a wrong done to him contrary to the said law’”. (See, also, Bell v. Hood, 327 U. S. 678 [1946]; Case Co. v. Borak, 377 U. S. 426 [1964].)
The same .rationale was applied to the Securities Act and to the Securities Exchange Act by the Second Circuit in 1951. The court held that “ Section 10(b) [of the Securities Exchange Act of 1934 — a provision analogous to section 17], to be sure, does not explicitly authorize a civil remedy. Since, however, it does make ‘ unlawful ’ the conduct it describes, it creates such a remedy ” (Fischman v. Raytheon Mfg. Co., 188 F. 2d 783, 787 [2d Cir., 1951]). In a footnote, the court expressly included section 17 of the 1933 act in its analysis (p. 787, n. 2). In a recent decision, the Supreme Court recognized the validity of the Fischman holding, noting that “ it is *1071 now established that a private right of action is implied under Section 10b ” (Superintendent of Ins. v. Bankers Life & Cas. Co., 404 U. S. 6, 13 n. 9 [1971]).
Although, since Fischman, the Federal Court of Appeals has not again directly determined whether a private right of action exists under section 17, Judge Friendly, in a concurring opinion in Securities & Exch. Comm. v. Texas Gulf Sulphur Co. (401 F. 2d 833 [2d Cir., 1968], cert. den. 394 U. S. 976 [1969]), stated (p. 867): “ Once it had been established, however, that an aggrieved buyer has a private action under § 10(b) of the 1934 Act, there seemed little practical point in denying the existence of such an action under § 17 ”. (See, also, Katz v. Amos Treat & Co., 411 F. 2d 1046 [2d Cir., 1969].) And in cases raising this issue in the District Court for the Southern District of New York, a similar result obtains (Weber v. C. M. P. Corp., 242 F. Supp. 321 [S. D. N. Y., 1965]; Osborne v. Mallory, 86 F. Supp. 869 [S. D. N. Y., 1949]; Dack v. Shanman, 227 F. Supp. 26 [S. D. N. Y., 1964]; Greenwich Sav. Bank v. Shields, 131 F. Supp. 368 [S. D. N. Y., 1955]; Thiele v. Shields, 131 F. Supp. 416 [S. D. N. Y., 1955]; Pfeffer v. Cressaty, 223 F. Supp. 756 [S. D. N. Y., 1963]).
These decisions comport with basic common-law principles, and with the reasoning of the Supreme Court in analogous situations. This court therefore holds that plaintiffs may properly seek damages for violation of subdivision (a) of section 17.
Defendants urge, however, that the complaint does not allege facts sufficient to demonstrate a violation of subdivision (a) of section 17, in that it fails to allege that plaintiffs actually purchased the stock from any of the defendants.
Subdivision (a) of section 17 prohibiting fraud “in the offer or sale of any securities,” would appear to apply “ only to fraudulent sellers ” (Securities Exch. Comm. v. American Beryllium & Oil Corp., 303 F. Supp. 912, 918 [S. D. N. Y., 1969]), or their accomplices in the act of offering or selling.
The complaint herein does not specifically allege that defendants either offered or sold, or conspired with others to offer to sell or to sell stock to plaintiffs. It is alleged, however, that defendants performed certain specified acts as part of “a scheme to inflate the selling price of National shares”; that “in reliance upon the acts, omissions and courses of conduct of the defendants * * * the respective plaintiffs purchased shares of National ”; and that, “ in carrying out and consummating said scheme the defendants * * * obtained money *1072 from the plaintiffs ”. Read together, these allegations appear to charge defendants with receiving money from plaintiffs resulting from plaintiffs’ purchase of National stock, and that the purchase was caused by defendants’ fraudulent acts.
Defendants, however, are entitled to a clear-cut allegation that it is they who are being charged with selling or offering to sell or acting in concert with those who offered to sell or sold the stock to plaintiffs. Else, plaintiffs have no cause of action arising out of subdivision (a) of section 17. Therefore, treating this branch of defendants’ applications as motions for a more definite statement (CPLR 3024), they are to that extent granted. Upon service of the amended complaint, defendants may, if so advised, renew this branch of their motions.
In the second and third causes of action, plaintiffs allege a violation by defendants of sections 339-a and 352-a of the General Business Law. Those sections provide that any intentionally deceptive “statement or advertisement” as to the value of securities (§ 339-a), or any fraud or deception designed “ to induce or promote the issuance, distribution, exchange, sale, negotiation or purchase ” of securities (§ 352-c), constitutes a misdemeanor.
Defendants, repeating their arguments with respect to subdivision (a) of section 17 of the Securities Act, assert that since these sections of the General Business Law are specifically penal in nature, they do not give rise to a private cause of action for damages. However, as with subdivision (a) of section 17, a private cause of action may be inferred from these sections. In Lupardo v. I. N. M. Inds. Corp. (36 F. R. D. 438, 439 [S. D. N. Y., 1965]), the court, applying the analysis adopted in interpreting the Securities Acts, concluded that “if the New York courts were presented with a civil action under section 352-c as here presented,” they would sustain it.
While in some cases the State court has failed to fulfill this prophecy (Kruger v. Zipperman, N. Y. L. J., April 1, 1958, p. 7, col. 2 [City Court, N. Y. County]; Stein v. Morey, N. Y. L. J., Jan. 10, 1967 p. 17, col. 1 [Sup. Ct. N. Y. County]), the better rule, for the reasons above stated, is to permit a private claim for relief under those sections (see Herdegen v. Paine, Webber, Jackson & Curtis, 31 Misc 2d 104 [Sup. Ct., N. Y. County, 1961]).
Accordingly, the motions to dismiss the second and third causes of action are denied.
Finally, defendants urge that all proceedings be stayed until determination in the Federal court of certain pending class *1073 actions, brought pursuant to subdivision (b) of section 10 of the Securities Exchange Act (TJ. S. Code, tit. 15, § 77j) and making basically the same allegations concerning the same securities.
However, it has not been sufficiently shown that the interests of these plaintiffs are identical to those of the Federal plaintiffs, nor that plaintiffs here will be fully protected in the actions there. For example, plaintiffs herein claim that their purchase of some 59,000 shares was based on alleged misrepresentations made in November and December of 1969. Only a small number of shares, some 2,200, are claimed in the Federal actions to have been purchased in reliance on the alleged November and December misrepresentations. Moreover, plaintiffs herein protest that the Federal actions, now pending for more than two years, have been inordinately delayed, and show no signs of early resolution.
Defendants urge that the Federal litigation is being accelerated, and that there is currently pending a motion to consolidate and to set a schedule for new pleadings and motions addressed to the pleadings. This is no reason, however, for this court to abort the instant suit at this time. If it should develop in the Federal court that the actions there pending survive preliminary motions by defendants and proceed without delay, and also that the claims of the instant plaintiffs can be fully advanced by the plaintiffs in the Federal action in whatever litigation ultimately emerges from the Federal proceedings now pending, it will then be time to reconsider staying this State action. For the present, however, the motions are denied.