ESTHER BARNES et al., Respondents, *v.* PEAT, MARWICK, MITCHELL & Co. et al., Appellants, et al., Defendants.

First Department, June 7, 1973.

*William E. Hegarty* of counsel (*David R. Hyde, Mathias E. Mone, Miles M. Tepper, John Logan O'Donnell, Charles M. McCaghey, Martin Kleinbard* and *Selvyn Seidel* with him on the brief; *Cahill, Gordon, Sonnett, Reindel & Ohl,* attorneys for Peat, Marwick, Mitchell & Co.; *Olwine, Connelly, Chase, O'Donnell & Weyher,* attorneys for National Student Marketing Corporation; and *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys for Arthur B. Frommer), for appellants.

*Max Rosner* of counsel (*Sidney O. Raphael* and *Benjamin Gassman* with him on the brief; *Raphael, Searles, Vischi, Scher, Glover & D'Elia,* attorneys), for respondents.

*Per Curiam.* This is an action for damages resulting from the purchase by plaintiffs of stock of National Student Marketing Corporation. Liability of the defendants is based upon alleged violations of subdivision (a) of section 17 of the Securities Act of 1933 (U. S. Code, tit. 15, § 77q) and of the New York General Business Law (§§ 339-a and 352-c).

The complaint alleges purchases by some 31 different persons and each purchase was a distinct and separate transaction not related to the others except that each is alleged to have been induced by the same wrongful acts of the defendants. Defendants moved to dismiss the various causes of action. Special

Term denied the applications, except that in one respect an amended pleading was ordered. We are in accord with that disposition.

Defendants in addition moved for other relief. It appears that several other actions are pending in the United States courts, brought by other purchasers against these and other defendants. Three such actions are pending in the Southern District of New York and have been consolidated. Further similar actions in that district have been enjoined. Four other actions were pending in other Federal districts, and the Securities and Exchange Commission has started an action against these defendants in the District Court for the District of Columbia. All of these actions have been combined, together with the three actions pending in the Southern District of New York, for the purposes of pretrial procedures. At the conclusion of such, the private actions will be returned to their respective forums for whatever procedures are required.

It would appear that the action taken in the United States courts is the most efficient way of handling the large number of cases that have arisen or may arise out of this stock offering. The Federal court has before it all of the defendants and all of the issues here asserted. The prosecution of this action and others that may conceivably be brought in State courts would necessarily involve going over the same grounds covered in the Federal actions and result in a duplication of effort and a consequent waste of court time.

In such situations it is usual to stay the action pending the outcome of the Federal action (*Research Corp.* v. *Singer-General Precision,* 36 A D 2d 987; *Channel Master Corp.* v. *JFD Electronics Corp.,* 26 A D 2d 961). The factors which should influence the granting or withholding of a stay of the State court action are set forth in Judge FULD's opinion in *General Aniline & Film Corp.* v. *Bayer Co.* (305 N. Y. 479, 485). Complete disposition of the issues in the forum possessing greater familiarity with the trial of those issues can be had in the pending Federal actions.

The order entered May 12, 1972, in New York County (GEL-LINOFF, J.) should be modified on the facts and as a matter of discretion to stay the prosecution of this action until the disposition of the consolidated class actions now pending in the United States courts, without prejudice to plaintiffs' applying for leave to intervene in such actions and with leave to move to vacate the stay upon a showing that plaintiffs have been

unduly prejudiced by any subsequent developments in the said actions; and otherwise affirmed without costs.

CAPOZZOLI, J. (dissenting). I dissent. As stated at Special Term, there is no showing that the interests of these plaintiffs are identical with the interests of the plaintiffs in the Federal actions. In addition, the plaintiffs are within their rights in protesting that their action will be unnecessarily delayed if they are forced to apply for leave to intervene in the Federal actions. Furthermore, subdivision (a) of section 22 of the Securities Act of 1933 (U. S. Code, tit. 15, § 77v, subd. [a]) gives plaintiffs the right to sue in either the Federal or State courts and specifically provides: '' No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.''

I see no exception provided for in this last-quoted subsection which would justify the conclusion reached by the majority and I would affirm.

MARKEWICH, J. P., KUPFERMAN, LANE and STEUER, JJ., concur in Per Curiam opinion; CAPOZZOLI, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on May 12, 1972, modified, on the facts and as a matter of discretion, to stay the prosecution of this action until the disposition of the consolidated class actions now pending in the United States courts, without prejudice to plaintiffs' applying for leave to intervene in such actions and with leave to move to vacate the stay upon a showing that plaintiffs have been unduly prejudiced by any subsequent developments in the said actions; and otherwise affirmed, without costs and without disbursements.