■ ELLIOT BARRON, Respondent, v CHARLES G. BLUHDORN et al., Appellants. GEORGE M. ARONWALD, Respondent, v CHARLES G. BLUHDORN et al., Appellants. HARRY LEWIS, Respondent, v CHARLES G. BLUHDORN et al., Appellants.—Order of the Supreme Court, New York County, entered July 14, 1978, which denied defendants' motion to stay further proceedings in Barron v Bluhdorn, Aronwald v Bluhdorn, and Lewis v Bluhdorn until the final resolution of the consolidated Federal action presently pending in the United States District Court for the Southern District of New York, unanimously reversed, on the law and on the facts and in the exercise of discretion, and defendants' motion for a stay pending the outcome of the consolidated Federal action granted, without costs and disbursements. The consolidated Federal complaint asserts the same derivative claims and seeks the same remedies as those sought to be achieved in the actions in the State court, i.e., the recovery of profits the individual defendants are alleged to

have received as the result of supposed breaches of fiduciary duties. However, other counts in the Federal complaint allege class actions by different named plaintiffs against Gulf and Western. The Federal complaint also alleges violations of Federal law, specifically subdivision (b) of section 10 of the Securities Exchange Act of 1934, as amended, and rule 10b-5 of the rules and regulations promulgated thereunder. In determining whether a stay is warranted it is important to consider "whether it is in the state or in the federal forum that a more complete disposition of the issues may be obtained and whether it is the federal or state court that possesses a greater familiarity and expertise with the trial of such issues." *(General Aniline & Film Corp. v Bayer Co., 305 NY 479, 485.)* Although the Federal complaint is broader, since additional defendants as well as appellants are named and the alleged misdeeds of appellants give rise to Federal as well as State violations, we note that in the main the issues in the State and Federal actions are virtually identical. The derivative clauses which embody the State complaints are asserted in the Federal action. The Federal court would provide a more complete disposition of the claims and furthermore there is no question that it possesses greater familiarity with violations of securities laws *(Barnes v Peat, Marwick, Mitchell & Co., 42 AD2d 15, 16),* and exclusive jurisdiction with respect to those arising under the Securities Exchange Act of 1934 (US Code, tit 15, § 78aa). The Federal court can exercise pendent jurisdiction over the State law claims *(United Mine Workers v Gibbs, 383 US 715).* Although plaintiffs allege defendants would not be prejudiced if the State actions were to proceed, the prejudice caused to defendants by duplication of effort is obvious *(Lindberg v Home Reporter,* Appeal No. 4225-26N, released Jan. 18, 1979). Concur—Kupferman, J. P., Birns, Lane, Sandler and Sullivan, JJ.