■ GERTRUDE WOLFSON, Individually and on Behalf of All Other Persons Similarly Situated, Respondent, v JOHN D. UBILE, Individually and as President of Guardian Mortgage Investors, et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County, entered April 5, 1978, affirmed, without costs and without disbursements. Our Presiding Justice has stated, in a well-articulated partial dissent, the reasons why, certainly at this early juncture of the case, the complaint should be sustained insofar as common-law fraud is alleged. However, we do not agree either with him or Justice Silverman that the two causes based on State and Federal statutes should be dismissed. As Special Term correctly observed in exercising discretion to deny the motion to dismiss the entire complaint, "Defendants contend that the complaint cannot be sustained on the basis of any of the three theories set forth. If, however, the complaint states a cause of action under any of these theories it must be sustained." (In this connection, see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.38; Siegel, New York Practice, § 265.) Nor is this to say, before issue is joined by service of answer

and discovery is had, that the complaint may not hereafter be rendered vulnerable to attack, and, for this reason, our disposition is without prejudice to whatever proceedings defendants may be advised to pursue as matters develop further. Concur—Ross, Markewich and Lynch, JJ.; Murphy, P. J., dissents in part and Silverman, J., dissents in separate memoranda as follows.

Silverman, J. (dissenting). I would reverse the order appealed from and grant defendants' motion to dismiss the complaint. The complaint purports to rest on three grounds, violation of subdivision (a) of section 17 of the Securities Act of 1933 (US Code, tit 15, § 77q, subd [a]), and section 352-c of the General Business Law, and common-law fraud. The complaint fails to state a violation of subdivision (a) of section 17 of the Securities Act of 1933 because it fails to allege, as the statute appears to require, that the defendants' misconduct was "in the offer or sale of any securities." (See *Barnes v Peat, Marwick, Mitchell & Co.,* 69 Misc 2d 1068, mod on other grounds 42 AD2d 15.) For the same reason the complaint is insufficient under section 352-c of the General Business Law. *(Herdegen v Paine, Webber, Jackson & Curtis,* 31 Misc 2d 104; *Jones Mem. Trust v Tsai Inv. Servs.,* 367 F Supp 491, 498.) I also think the claim based on common-law fraud is insufficient for these reasons: 1. Despite plaintiff's efforts to disguise the nature of the claim, it is clear that the claim is one for "fraud on the market" and not common-law fraud. Thus plaintiff's brief says: "The present complaint is framed to squarely present the defendants' indirect as well as direct participation in the sales and/or purchases they induced in an *omissions* and *fraud on the market* case." While a claim based on fraud on the market should be recognized, it does not constitute common-law fraud. It may, and I think it does, constitute violation of the Federal securities statutes (particularly Securities Act of 1934, § 10, subd [b] [US Code, tit 15, § 78j, subd (b)]), but plaintiff presumably does not meet the requirements of that statute. 2. This insufficiency as common-law fraud is illustrated in various ways: Defendants particularly argue the lack of allegation of reliance by plaintiff on defendants' purported misrepresentations. Indeed, there is no allegation that plaintiff ever saw or knew of the substance of the alleged misrepresentations. At most, plaintiff alleges: "reliance upon the truthfulness of the aforementioned reports as well as the integrity of the market and the market climate for Guardian shares which defendants generated in said period and plaintiff and such other similarly situated purchasers would not have made their purchases of Guardian shares if the defendants' acts and omissions and objectives complained of had been disclosed." CPLR 3016 (subd [b]) requires that in an action based upon fraud "the circumstances constituting the wrong shall be stated in detail." (But see *Lanzi v Brooks,* 43 NY2d 778.) There is no reason why plaintiff cannot say "I saw these statements and relied on them," instead of the rather evasive statement quoted. And in view of the quotation from plaintiff's brief above, it is clear that this evasiveness is not inartful pleading but quite the contrary. Other portions of the complaint indicate this is not truly an action for common-law fraud. Thus, instead of alleging knowledge of falsity, an essential element of common-law fraud, plaintiff alleges that defendants "knew the truth, or with reasonable effort could have known the truth, or made no reasonable effort to ascertain the truth." This may be negligence. It is not fraud. Again the complaint relies not really on misrepresentations but rather on omissions—failure to disclose. Absent a confidential relationship, omissions do not give rise to a cause of action of common-law fraud.

Murphy, P. J. (dissenting in part). I agree with the majority that the second amended complaint states a cause of action for common-law fraud. However, for the reason stated by Justice Silverman, the portions of that complaint based upon subdivision (a) of section 17 of the Securities Act of 1933 (US Code, tit 15, § 77q, subd [a]) and section 352-c of the General Business Law should be dismissed for legal insufficiency. A plaintiff may recover damages in common-law fraud because particular defendants induced him to purchase stock on the basis of untrue statements *(Downey v Finucane,* 205 NY 251, 255). Thus, the narrow question presented on appeal is whether the allegations in the second amended complaint are sufficient to plead a common-law action based upon fraud. Viewing the subject complaint most favorably to the pleader, it alleges that the plaintiff relied upon the false and misleading statements of the defendants. It further alleges that the defendants made these false statements when they knew the truth. CPLR 3016 (subd [b]) does not require that a plaintiff plead every basic act of the sense that underlies his cause of action for fraud. Insofar as the plaintiff states that she relied upon the false statements of the defendants, it must reasonably be inferred that she read those statements before relying upon them. The plaintiff's failure to allege that she read those statements is not fatal to the pleading within either the letter or the spirit of CPLR 3016 (subd [b]). A pleading is not deficient merely because some of the factual allegations are stated in the alternative. (CPLR 3014; *Foley v D'Agostino,* 21 AD2d 60, 69; *Lonsdale v Speyer,* 249 App Div 133, 141, 142.) Therefore, insofar as the second amended complaint alleges knowledge of falsity upon the part of the defendants, it sufficiently states one of the requisite elements of common-law fraud (cf. *M. B. L. Distrs. v Kahn,* 58 AD2d 806). The plaintiff's other remarks, viz., that the defendants could have known the truth with reasonable effort or made no reasonable effort to ascertain the truth, may merely be treated as surplusage for purposes of this motion to determine the sufficiency of the cause grounded upon common-law fraud. Accordingly, the order of the Supreme Court, New York County, entered April 5, 1978, insofar as appealed from, should be modified, on the law, by dismissing so much of the second amended complaint as is grounded upon subdivision (a) of section 17 of the Securities Act of 1933 and section 352-c of the General Business Law, and, as modified, it should be affirmed, with costs.