COOPERS & LYBRAND, Plaintiff,

v.

Allan R. COCKLEREECE; Oaks-Darby Ltd.; James W. Feeney; Thomas P. McGlon; Phillip J. Fleming; and Terrence B. Phillips, Defendants.

No. 80 Civ. 4387(MEL).

United States District Court,
S. D. New York.

Jan. 28, 1981.

Obermaier, Morvillo & Abramowitz, P. C., for plaintiff; Elkan Abramowitz, Martin L. Perschetz, New York City, of counsel.

Stone & Silverson, New York City, for defendant Allan R. Cocklereece; Robert M. Silverson, Jr., New York City, of counsel.

Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, Fla., for defendant Phillip Fleming; Melvin R. Horne, Tallahassee, Fla., of counsel.

Poles, Tublin, Patestides & Stratakis, New York City, for defendant Terrence B. Phillips; William J. Burke, New York City, of counsel.

LASKER, District Judge.

This action is here on removal from New York Supreme Court. Coopers & Lybrand alleges that defendants, in furtherance of a conspiracy to commit fraud and extortion, usurped and misappropriated its name, reputation, good will and work product, and made false and defamatory statements.

## I.

Terrence Phillips moves for A) a more definite statement, B) to dismiss the complaint: under Rule 17(a), Fed.R.Civ.Pr., for failure to prosecute in the name of the real party in interest; under Rule 12(b)(6) for failure to state a claim upon which relief may be granted; and under Rule 12(b)(2) and (5) for lack of personal jurisdiction, and C) to stay this action pending the outcome of another action involving overlapping parties pending in the Northern District of Georgia, or to transfer this action to that district.

Coopers & Lybrand moves to remand to the New York court for lack of federal subject matter jurisdiction, and to stay all other proceedings until the question of subject matter jurisdiction is decided.

Subsequently, Phillips cross-moved under Rule 21 to substitute as plaintiff the name of the party found to be the real party in interest pursuant to his Rule 17(a) motion.

## II.

Coopers & Lybrand argues that this court has no jurisdiction because complete diversity is lacking between it and the defendants. It contends that, for the purposes of diversity citizenship, it, as a partnership, is a citizen of each of the states of which its partners are citizens, and that since its partners are citizens of each of the three states of which the defendants are citizens, there is not complete diversity.[1]

Phillips claims that there are several bases for jurisdiction. First, he argues (as explained below) that if substitution of the "real party in interest" were ordered, complete diversity would result. Second, that it be required that the action proceed in the names of those general partners of Coopers & Lybrand whose citizenship is diverse to the defendants. Finally, he asserts that pendent jurisdiction should be accepted here because if these claims were asserted in the Georgia federal action, there would have been pending jurisdiction.

## III.

■ Coopers & Lybrand has submitted affidavits establishing that it is organized as a general partnership, and that its partners are citizens of 35 states, including the three states, New York, Georgia and Florida, of which the defendants are citizens.[2] Accordingly, it appears that Coopers & Lybrand is for diversity purposes a citizen of each of those 35 states, *Great Southern Fire Proof Hotel Company v. Jones*, 177 U.S. 449, 24 S.Ct. 576, 48 L.Ed. 778 (1900); *Lewis v. Odell*, 503 F.2d 445 (2d Cir. 1974); *Woodward v. D. H. Overmyer Co.*, 428 F.2d 880 (2d Cir. 1970), *cert. denied*, 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971), and that there is no complete diversity of citizenship here. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), unless one of Phillips' contentions discussed below is valid. We conclude they are not.

1. Coopers & Lybrand also argues that this action was not properly removed because all of the defendants did not join in the removal (and could not because some are citizens of New York, *see* 28 U.S.C. § 1441(b)). Phillips responds that if removal is based on section 1441(c), the separate and independent claim or cause of action provision, then removal may be had only by the defendant to that cause of action. Since we conclude that there is no separate and independent claim which could be removed if sued upon alone, section 1441(c) is inapplicable.

2. Affidavit of Anthony J. Mottola, sworn to August 22, 1980; Affidavit of James B. Baker, sworn to August ___, 1980; Affidavit of Robert C. Ellyson, sworn to August 21, 1980; Partnership Agreement of Coopers & Lybrand, dated October 1, 1979, Exhibit A to Affidavit of Martin L. Perschetz, attorney for Coopers & Lybrand, sworn to September 30, 1980; Statement of Plaintiff pursuant to Rule 3, filed August 22, 1980.

## A. Real Party in Interest

A number of separate entities bear the name "Coopers & Lybrand." The named plaintiff in this action is an accounting firm organized as a general partnership under New York law with its national office located in New York, New York. Other accounting firms with the same name are located around the world, including one in the Bahamas. There is also an umbrella organization called "Coopers & Lybrand (International)" which is an unincorporated association of accounting firms around the world (Affidavit of Harris J. Amhowitz, sworn to September 26, 1980).[3]

■ Phillips contends that the real party in interest for one cause of action is the Bahamian partnership, whose citizenship for diversity purposes is undisputedly alien. Phillips argues that because it was this firm who audited the financial statement of Tamarind Developments Ltd., it "presumably" was the firm injured by the alleged unauthorized use of that financial statement. Therefore, according to Phillips, this action is removable under 28 U.S.C. § 1441(c), since the complaint alleges "a separate and independent claim or cause of action, which would be removable if sued upon alone."

However, the complaint alleges, and Coopers & Lybrand has reiterated in its papers submitted on these motions, that the misuse of the Tamarind audited financial statements injured the American partnership. It is clear that the claim is for injury to the American firm and not to the Bahamian firm. It may be that defendants can show that the only firm injured was the Bahamian firm, and in that event the named plaintiff would not prevail. Nevertheless, the American firm is entitled to assert a claim for the injury which it alleges it has incurred.

Another financial statement allegedly misused was that of First Charter Land Corporation. Phillips argues that that financial statement "involves Virginia land and a Washington, D.C. office of 'Coopers & Lybrand'." Since "any damage sustained by such entity occurred in Virginia and Washington, D.C.," according to Phillips, "this entity is a citizen of those states."

There are two difficulties with this argument. The first is Phillips' unsupported assumption that there is such an "entity" as the Washington office of Coopers & Lybrand who is the real party in interest. To the contrary, however, the only evidence submitted on this point indicates that the entity which is the Coopers & Lybrand partnership has regional offices throughout the United States which are not separate entities themselves.

Second, we know of no authority that supports the proposition that citizenship for purposes of diversity jurisdiction is determined either according to the place of injury, or according to the location of a regional office of a national partnership.

## B. Realignment In the Names of the Partners

Phillips argues that to preserve federal jurisdiction, Coopers & Lybrand should be required to proceed in the names of those of its general partners who are not citizens of New York, Georgia and Florida, and who are therefore diverse to defendants.

■ However, Phillips presents no authority to supports its position. It is the plaintiff's choice as to who brings suit and against whom suit is brought. In each of the cases on which Phillips relies, the courts *permitted* the *plaintiffs* to preserve diversi-

---

**3.** Phillips contends that he does not know which "Coopers & Lybrand" is suing him, and that in the Georgia litigation the existence of a "Coopers & Lybrand" (as contrasted with a "Coopers & Lybrand (U.S.)") was denied by the accounting firm. However, if it was ever ambiguous, it is now clear from the papers submitted on these motions that it is the American accounting firm who is the plaintiff here and that its name is "Coopers & Lybrand" (Affidavit of Harris J. Amhowitz, sworn to September 26, 1980). Furthermore, that plaintiff sues as "Coopers & Lybrand" is not inconsistent with the position taken in the Georgia action. It appears from copies of papers submitted in that action that the Coopers & Lybrand defendant was merely seeking clarification as to which Coopers & Lybrand entity was being sued, and not denying the existence of an entity called "Coopers & Lybrand."

ty jurisdiction to sue only those partners who were diverse and to omit as defendants either the name of the partnership or those partners who were citizens of the same state as plaintiff. *Hamond v. Clapp,* 452 F.Supp. 885 (S.D.N.Y.1978); *Jones Knitting Corporation v. A. M. Pullen & Company,* 50 F.R.D. 311 (S.D.N.Y.1970); *Cooper v. North Jersey Trust Co.,* 250 F.Supp. 237 (S.D.N.Y. 1965); *see Colonial Realty Corporation v. Bache & Co.,* 358 F.2d 178 (2d Cir.), *cert. denied,* 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966) (limited partner who was not a proper party need not be joined). In no case did the court *require* that parties *plaintiff* be dropped for the purpose of honoring a defendant's request or preserving federal jurisdiction. Accordingly, there is no basis to disturb plaintiff's choice to sue in the name of the partnership.

### C. Pendent Jurisdiction

Phillips argues that there would have been pendent jurisdiction over the claims asserted here had they been pressed in the Georgia federal litigation because Coopers & Lybrand brought against Phillips in that action a "twin" of the claims brought here. Accordingly, Phillips argues, "the pendent jurisdiction of a federal court over the state-law claims in Georgia also attached to this federal court."

However, Phillips concededly points to no case in which such a brand of pendent jurisdiction (if it is pendent) has been exercised. Indeed, we agree with the court in *Moskowitz v. Arthur Anderson & Company,* 464 F.Supp. 1246, 1248 (S.D.N.Y.1979), that there is no authority for such an exercise of jurisdiction. The statute provides that there must be jurisdiction over the "action" removed. 28 U.S.C. § 1441(a). Therefore, there must be a federal claim asserted in this action to provide a "peg on which to hang pendent jurisdiction over the state law claims." *Moskowitz, supra,* at 1248.

\* \* \* \* \* \*

In sum, Phillips' motion under Rules 17(a) and 21 are denied. The motion to remand is granted.

It is so ordered.