■ RELIANCE INSURANCE COMPANY, Appellant, v TIGER INTERNATIONAL, INC., et al., Respondents. — Order, Supreme Court, New York County (Lane, J.), entered August 18, 1981, unanimously modified, on the law, on the facts and in the exercise of discretion, without costs, only to the extent of directing that the stay of the action shall terminate 90 days after service of the order determining this appeal to enable either of the parties to make appropriate application in the Federal action pending in the United States District Court for the Central District of California for relevant temporary injunctive relief, and otherwise affirmed. We agree with Special Term that factual issues preclude partial summary disposition with respect to the first cause of action. We also agree with the reasoning of Special Term that the issues with respect to the transfer of the stock raised in this action are significantly related to the more extensive and complex issues raised in the action pending in the Federal court, wherein Tiger International has, *inter alia,* charged Reliance with fraud in connection with appellant's acquisition of the stock, including false and misleading filings with the Securities and Exchange Commission and violations of the Securities and Exchange Act of 1934 (US Code, tit 15, ch 2B). Thus, it is claimed that Reliance, when it acquired the stock, did not disclose its actual intention to gain control of or substantial influence over the affairs of

the corporation. Clearly, the pending Federal action, commenced prior to institution of this suit, albeit broader in scope, is the proper forum to afford a more complete and appropriate disposition of the underlying issues (see *Barron v Bluhdorn,* 68 AD2d 809; *Barnes v Peat, Marwick, Mitchell & Co.,* 42 AD2d 15). Furthermore, on this record, it appears that the Federal action in California was commenced in May of 1980 and, although the parties have engaged in extensive discovery proceedings, no application has been as yet made for temporary or preliminary injunctive relief, restraining transfer of the stock. Our modification, limiting the stay of this action for a period of 90 days, should afford Tiger sufficient opportunity to seek appropriate preliminary relief in the pending Federal action and further to prevent unnecessary fragmentation of this litigation. Concur — Sullivan, J. P., Silverman, Bloom, Milonas and Kassal, JJ.