■ In the Matter of MAY HOWARD, on Behalf of PETER HOWARD, Deceased, Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Appellant, et al., Respondent.— Levine, J. Appeal, by permission, from an order of the Supreme Court (Coutant, J.), entered December 9, 1987 in Tioga County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition.

This CPLR article 78 proceeding was brought by petitioner to challenge determinations of respondents, the State Department of Social Services (hereinafter SDSS) and the Tioga County Department of Social Services, which denied her now deceased husband's application for retroactive medical assistance without first applying what is known as a "resource spend-down" to determine his eligibility. New York permitted a resource spend-down until receiving instructions from the Federal Department of Health and Human Services to change its State Medicaid plan to disallow this type of assistance. In July 1986, New York implemented this change by advising county departments of social services by letter that resource spend-downs were no longer allowed.

Following the commencement of this proceeding, respondents moved to dismiss the petition on the ground that another action was pending between the parties for the same

cause of action (see, CPLR 3211 [a] [4]; 7804 [f]). According to respondents, the Federal class action lawsuit, *Westmiller v Bowen,* pending in the United States District Court for the Western District of New York, included petitioner's decedent as a member of the class, named the State Commissioner of Social Services as one of the defendants, and also challenged the change in Medicaid policy disallowing resource spend-down. Supreme Court denied respondents' motion to dismiss and this appeal by SDSS ensued.

On appeal, petitioner has not submitted a brief opposing SDSS' brief and has informed this court that, insofar as SDSS now requests the alternative relief of a stay of the proceeding and not dismissal, petitioner does not challenge their entitlement to a stay. Thus, in light of the parties' correspondence to this court, the only issue still in contention is the duration of the stay. Petitioner contends that this proceeding should be stayed until the appeals process in the Federal action has been exhausted; SDSS, on the other hand, has narrowed its prior consent to a stay to last only until the determination of a motion for summary judgment which was then pending in the Federal action.

In our view, the stay to which petitioner consents should be expanded, in the event that the motion for summary judgment is denied, to continue until the determination of the matter on the merits by District Court. During the pendency of this appeal, the *Westmiller* case has been certified as a class action (see, Fed Rules Civ Pro, rule 23 [b] [2]), of which petitioner is clearly a member. Since the State Commissioner of Social Services is also a defendant in the Federal action, there is an identity of parties in the two cases (see, Kent Dev. Co. v Liccione, 37 NY2d 899, 901). In addition, it is hardly debatable that the issue raised in this proceeding, respondents' change in policy concerning resource spend-down, is directly related to the issues raised in *Westmiller.* We are persuaded that a stay should be granted since the Federal action, being broader and more extensive than petitioner's proceeding, will provide "a more complete and appropriate disposition of the underlying issues" (Reliance Ins. Co. v Tiger Intl., 91 AD2d 925, 926; see, Barron v Bluhdorn, 68 AD2d 809, 810; Research Corp. v Singer-General Precision, 36 AD2d 987, 988). Furthermore, the potential prejudice to respondents which would flow from inconsistent determinations in these two cases outweighs any prejudice to petitioner as a result of the stay. Accordingly, this proceeding should be stayed until

District Court reaches a final determination of the *Westmiller* case.

Order reversed, on the facts, without costs, and proceeding stayed in accordance with this court's decision. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.