■ KALMAN FINKEL, Appellant-Respondent, v D.H. BLAIR & Co., INC., et al., Respondents, and BROADCHILD SECURITIES CORPORATION et al., Respondents-Appellants. [623 NYS2d 930] —In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 29, 1993, as granted that branch of a motion by certain of the defendants which was to dismiss the action in its entirety against D.H. Blair & Co., Inc., and granted that branch of the motion which was to dismiss the cause of action sounding in breach of fiduciary duty insofar as it is asserted against Broadchild Securities Corporation and J. Morton Davis, and the defendants Broadchild Securities Corporation and J. Morton Davis cross-appeal from so much of the order as denied those branches of the motion which were to dismiss the action in its entirety insofar as it is asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motion which were to dismiss the remaining causes of action against Broadchild Securities Corporation and J. Morton Davis, except for the cause of action sounding in common-law fraud, and substituting therefor a provision granting those branches of the motion, and dismissing all causes of action against Broadchild Securities Corporation and J. Morton Davis, except the cause of action sounding in common-law fraud; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Deeming the plaintiff's allegations as true and affording the plaintiff the benefit of all favorable inferences that may be drawn therefrom (see, Licensing Dev. Group v Freedman, 184 AD2d 682), the plaintiff stated a cause of action to recover damages for fraud against the defendants Broadchild Securities Corporation (hereinafter Broadchild) and J. Morton Davis. The plaintiff alleged that the stock prospectus misrepresented

the production capabilities of the defendant Quantum Diagnostics, Inc., and that Broadchild, which drafted and disseminated the prospectus, knew or should have known that the statements were false and made them with the present intent to deceive the plaintiff. In addition, the plaintiff asserted that he relied on the prospectus when purchasing the securities and was injured thereby *(see, Wolfson v Ubile,* 78 AD2d 612; *Reusens v Gerard,* 160 App Div 625, *affd sub nom. De Ridder v Gerard,* 221 NY 665; *Morgan v Skiddy,* 62 NY 319; *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403; *see also, Abelman v Shoratlantic Dev. Co.,* 153 AD2d 821; *113-14 Owners Corp. v Gertz,* 123 AD2d 850). The plaintiff stated a cause of action sounding in fraud against Davis, based upon the plaintiff's assertion that he was an officer of Broadchild and that he participated in the fraud *(see, People v Apple Health & Sports Clubs,* 80 NY2d 803; *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31).

Contrary to the plaintiff's contention, he failed to state a cause of action against the defendant D.H. Blair Co. (hereinafter Blair) to recover damages for the alleged fraud perpetrated by Broadchild, since he failed to allege sufficient facts to demonstrate that Blair exercised sufficient dominion and control over Broadchild in order to pierce the corporate veil between Blair and Broadchild *(see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 657; *Pebble Cove Homeowners' Assn. v Fidelity N. Y. FSB,* 153 AD2d 843).

Further, the plaintiff failed to state a cause of action sounding in breach of fiduciary duty against Broadchild and Davis. He failed to allege a relationship between himself or Broadchild and Davis or that he sought or that they offered advice before he purchased the stock *(see, Saboundjian v Bank Audi [USA],* 157 AD2d 278; 11 NY Jur 2d, Brokers, § 45; *cf., Keenan v Blair & Co.,* 838 F Supp 82).

Finally, the court lacks subject matter jurisdiction over the second cause of action and the cause of action sounding in market manipulation, as these causes of action are within the exclusive jurisdiction of the Federal courts *(see,* 15 USC § 78aa; *see also, Laufer v Rothschild, Unterberg, Towbin,* 143 AD2d 732, 733-734). We therefore need not reach the issue of whether the allegations therein constitute valid causes of action. Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.