■ AARON ASHER et al., Respondents, v ABBOTT LABORATORIES et al., Appellants. [763 NYS2d 555] —Orders, Supreme Court, New York County (Helen Freedman, J.), entered September 27, 2002 and October 2, 2002, which, insofar as appealed from, denied defendants' motion pursuant to CPLR 2201 for a stay pending resolution of a related federal action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the stay granted by this Court pending appeal continued pending the outcome of the federal proceeding, and the coordination of discovery with the federal proceeding continued.

The motion court's denial of a stay was an improvident exercise of discretion. Although we have held that a stay pending determination of a related proceeding should be granted only when the other proceeding shares complete identity of parties, claims and relief sought (*Middlebury Off. Park Ltd. Partnership v General Datacomm Indus.*, 248 AD2d 313 [1998]; *Bridgemarket Assoc. v City of New York*, 190 AD2d 561 [1993]; *Abrams v Xenon Indus.*, 145 AD2d 362 [1988]), we have also held that a stay may be warranted when there is substantial identity between state and federal actions (*Goodridge v Fernandez*, 121 AD2d 942 [1986]; *Reliance Ins. Co. v Tiger Intl.*, 91 AD2d 925 [1983]; *Barron v Bluhdorn*, 68 AD2d 809 [1979]; *Barnes v Peat, Marwick, Mitchell & Co.*, 42 AD2d 15 [1973]). The latter instance is justified upon due consideration of issues of comity, orderly procedure, and judicial economy (*General Aniline & Film Corp. v Bayer Co.*, 305 NY 479, 485 [1953]; *Pappas v Freund*, 172 Misc 2d 466, 473 [1997]). Here, in addition to the federal courts' particular expertise in the area of antitrust law, the federal action was commenced first and discovery has been completed, the defendants in the actions

are the same, there is substantial overlap between the issues raised in the two proceedings, the Donnelly Act claims of the state plaintiffs are encompassed within the federal class action, the federal action will result in a more complete disposition of the basic antitrust issues alleged, a stay will avoid duplication of effort and waste of judicial resources since the scope of discovery sought from the state plaintiffs is dependent on the Eleventh Circuit's disposition of defendants' appeal of the District Court's ruling that the agreements constituted per se violations of the Sherman Act, a stay avoids the risk of inconsistent rulings, and plaintiffs have not demonstrated how they would be prejudiced by a stay of discovery in the state proceedings since they have been receiving the benefits of coordinated discovery. Moreover, the motion court offered no reason for denying the stay and a parallel California action, challenging the Abbott agreements under that state's equivalent to the Sherman Act, was stayed pending the federal action. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Marlow, JJ.