Trump v Trump (2024 NY Slip Op 50023(U))

[*1]

Trump v Trump

2024 NY Slip Op 50023(U)

Decided on January 12, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 12, 2024
Supreme Court, New York County

Donald Trump, Plaintiff,

against
Mary Trump, THE NEW YORK TIMES COMPANY D/B/A THE NEW YORK TIMES, SUSANNE CRAIG, DAVID BARSTOW, RUSSELL BUETTNER, JOHN DOES, and ABC CORPORATIONS 1 THROUGH 10, Defendants.

Index No. 453299/2021

Attorneys for Plaintiff:
Alina Habba of Habba Madaio & Associates LLP
Michael T. Madaio of Habba Madaio & Associates LLP
Attorneys for the Defendants:
Theodore J. Boutrous, Jr. of Gibson, Dunn & Crutcher LLP
Anne Champion of Gibson, Dunn & Crutcher LLP
Michael L. Nadler of Gibson, Dunn & Crutcher LLP
Alexandra Perloff-Giles of Gibson, Dunn & Crutcher LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 95, 96, 97, 98, 102 were read on this motion to/for STAY.
In this action for breach of contract, breach of the implied covenant of good faith and fair [*2]dealing and unjust enrichment, defendant Mary L. Trump (defendant) moved, pursuant to CPLR 3211(a)(1), (a)(7), and (g), to dismiss each of the claims asserted against her and for an order, based on New York's amended anti-SLAPP law, directing plaintiff to pay the attorneys' fees and costs incurred in defending against plaintiff's claims. By decision and order dated June 9, 2023 (NYSCEF Doc. No. 91), the court denied the motion to the extent that it sought to dismiss the first cause of action for breach of contract. Defendant filed a notice of appeal from the decision on June 14, 2023.
In motion sequence number 005, defendant moves pursuant to CPLR 2201 for an order staying this action pending resolution of her appeal and an interim order staying the action pending resolution of the instant motion.
CPLR 2201 permits the court to "grant a stay of proceedings in a proper case, upon such terms as may be just" and "[e]xcept where otherwise prescribed by law." Courts have "broad discretion to grant a stay" of discovery in actions pending the resolution of an appeal (Morreale v Morreale, 84 AD3d 1187, 1188 [2d Dept 2011]; see Case Capital Corp. v Morgan Invest., Inc., 154 AD2d 501, 501 [2d Dept 1989]). When deciding whether to issue a stay under section 2201, courts consider "issues of comity, orderly procedure, and judicial economy" (Asher v Abbott Labs., 307 AD2d 211 [1st Dept 2003]). "A court has broad discretion to grant a stay in order to avoid the duplication of effort, waste of judicial resources, and possibility of inconsistent rulings in the absence of a stay" (OneBeacon America Ins. Co. v Colgate-Palmolive Co., [1st Dept 2012]). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" (Landis v N Am. Co., 299 U.S. 248, 254-55 [1936]).
Defendant argues that a stay of this proceeding is necessary to preserve her right to "meaningful appellate review" and claims that her "right" not to be subject to discovery under the anti-SLAPP statute, CPLR 3211(g)(3), would be "mooted" if discovery goes forward. In essence, defendant's argument is that, because she would not be subject to discovery if her appeal is granted and the complaint dismissed, she should not be subject to discovery while the appeal is pending. In addition, she argues that the plaintiff would not be prejudiced by a stay, and that a stay would promote judicial economy.
First, the court notes that defendant has no right not to be subject to discovery under CPLR 3211(g)(3) that would be denied if discovery proceeds. CPLR 3211(g)(3) only protects against discovery "upon the filing of a motion made pursuant to [CPLR 3211]" and "until notice of entry of the order ruling on the motion." Thus, once a decision is rendered on the motion, CPLR 3211(g)(3) no longer applies. The statute makes clear that the stay imposed upon the filing of an anti-SLAPP motion to dismiss is automatically lifted as soon as the trial court rules on the motion, and it says nothing about reimposition of a stay should the losing movant appeal.
Nonetheless, defendant argues that the absence of a stay would make render moot the appeal, making it impossible for her to achieve complete relief if her appeal ultimately succeeds, i.e., dismissal without the costs and burden of discovery. However, any curtailment of discovery in the action would merely be incidental to, not the purpose of, the appeal. Thus, even were discovery to continue and the appeal ultimately granted, defendant will have achieved the primary goal of appellate review in having the breach of contract claim against her dismissed.
In addition, the court notes that, although defendant characterizes the complaint as "abusive and vexatious," brought only to impose discovery burdens on her, the court has already found that plaintiff has established a "substantial basis in law" for the breach of contract claim [*3]under CPLR 3211(g). Whatever burden defendant may bear from complying with discovery, it is merely the necessary cost of "fair and effective resolution of the dispute on the merits, minimizing the possibility for ambush and unfair surprise" (Forman v Henkin, 30 NY3d 656, 661 [2018], citing Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991]). The legislature's intent in the anti-SLAPP statute extends only as far as protecting defendants from claims brought as "a means of harassing, intimidating or punishing individuals" (L 1992, ch 767, § 4)—not to protect defendants claims found to have facial merit.
In addition, a court entertaining an application for a stay is "duty-bound to consider the relative hardships that would result from granting (or denying) a stay" (Da Silva v Musso, 76 NY2d 436, 443 n.4 [1990], citing David D. Siegel, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B,. CPLR C5519:4, at 188). Here, the court notes that over two years have elapsed since the complaint was filed, and defendant only answered in July 2023, after which a further five months have passed without any discovery taking place. A further stay in the proceeding following this delay would inordinately delay justice, impeding the resolution of the case (see Patrick M. Connors, Practice Commentaries, McKinney's Cons. Law of NY, Book 7B, CPLR C2201:7 ["A stay of an action can easily be a drastic remedy, on the simple basis that justice delayed is justice denied"]).
On the other hand, neither party will be significantly harmed by the court permitting discovery to take place and the action to be readied for trial in the event that the Appellate Division dismisses the action. To the extent that defendant argues that she would be burdened by discovery, if any discovery request is inappropriate and unnecessarily cumbersome, court rules and the applicable statute protect against such requests, e.g., CPLR 3103. Further, the court notes that defendant admits that if she were to prevail in the appeal, she would be entitled to seek reimbursements of her costs and attorneys' fees from the plaintiff, including those stemming from discovery (see NY Civ Rights Law § 70-a [a] [1]).
Finally, though defendant claims that a stay would promote judicial economy by avoiding the potential waste of judicial resources, the court has, in its denial of the motion to dismiss, determined that further proceedings, including discovery, are necessary to resolve the matter on the merits. Defendant fails to show that proceeding with discovery would result in the "duplication of effort, waste of judicial resources, and possibility of inconsistent rulings" (OneBeacon America Ins. Co., 96 AD3d 541).
Accordingly, defendant's application for a stay of the action pending her appeal of the decision and order dated June 9, 2023 is denied. In light of this disposition, an interim order staying the action pending resolution of the within motion by order to show cause is moot, and defendant's application for such a stay is likewise denied.
Accordingly, it is
ORDERED that defendant Mary L. Trump's motion for a stay of the action is denied, and it is further
ORDERED that parties shall appear for a preliminary conference on February 13, 2024 at 11:30 A.M by Microsoft Teams.
DATE January 12, 2024
ROBERT REED, J.S.C.