| **Lioubinine v Arrival** |
|:---:|
| 2024 NY Slip Op 30522(U) |
| February 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651783/2022 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

--------------------------------------------------------------------------------X

ALEXANDRE LIOUBININE,

Plaintiff,

- v -

ARRIVAL, DENIS SVERDLOV, TIM HOLBROW, MICHAEL ANATOLITIS, GILLES DUSEMON, CSABA HORVATH, MICHAEL ABLESON, AVINASH RUGOOBUR, PETER CUNEO, ALAIN KINSCH, KRISTEN O'HARA, JAE OH, ARRIVAL VAULT US, INC., UBS SECURITIES LLC, BARCLAYS CAPITAL INC., and COWEN & COMPANY LLC

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651783/2022 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54

were read on this motion to/for _____STAY_____.

Upon the foregoing documents, it is

In motion sequence number 010, defendants Arrival, UBS Securities LLC, Barclays Capital Inc. and Cowen & Company LLC (Movants) move to stay this action pursuant to CPLR 2201 pending the resolution of another putative class action filed by shareholders of defendant Arrival in the United States Eastern District of New York (EDNY Action).

**Background**

The following facts are taken from the amended complaint unless noted otherwise, and for the purposes of this motion, are accepted as true.

On April 8, 2022, plaintiff Alexandre Lioubinine filed a putative class action against Arrival, an electric vehicle manufacturer and several of its officials for purported

**651783/2022   LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL**
**Motion No.  001**

**Page 1 of 9**

violations of the Securities Act of 1933 (1933 Act). (New York State Courts Electronic Filing Doc. No. [NYSCEF] 1, Summons and Complaint). Plaintiff filed an amended complaint on August 12, 2022 wherein plaintiff joined Arrival Vault US, Inc. (previously known as CIIG Merger Corp. (CIIG)[1]), UBS Securities LLC (UBS), Barclays Capital Inc. (Barclays) and Cowen and Company, LLC (Cowen) as defendants. (NYSCEF 9, Amended Complaint).

This action is about Arrival's de-SPAC transaction (Arrival IPO[2]). (*Id.* ¶ 8.) The transaction began with CIIG, a special purpose acquisition company which went public on December 17, 2019 through an initial public offering. (*Id*. ¶21.) On November 18, 2020, Arrival and CIIG announced that the two companies would merge, and Arrival would become a publicly traded company, with its ordinary shares listed on NASDAQ. (*Id.* ¶ 22.) Arrival filed a registration statement with the SEC on December 15, 2020.[3] (*Id.* ¶ 23.) After consummation of the de-SPAC transaction, Arrival's common stock and warrants began trading on the NASDAQ on March 25, 2021. (*Id.* ¶ 23.)

Plaintiff previously held shares of CIIG Class A common stock and acquired shares of Arrival as a result of the Arrival IPO. (*Id.* ¶ 19.)

In connection with the Arrival IPO, Arrival and the other defendants made several public disclosures including in the registration statement and communications made after its shares were listed on NASDAQ. (*Id.* ¶¶ 69, 151.) Arrival claimed that its unique

---

[1] Arrival Vault US, Inc. is referred to as CIIG in this decision.
[2] While the process by which Arrival listed on NASDAQ is referred to as a de-SPAC transaction, the process functions like a traditional IPO in all material aspects. (NYSCEF 9, Amended Complaint ¶ 24.)
[3] This registration statement was subsequently amended on January 21, February 16, February 25, 2021, and declared effective on February 26, 2021. (NYSCEF 9, Amended Complaint ¶¶ 143, 145.)

651783/2022  LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL
Motion No.  001

Page 2 of 9

2 of 9

'microfactory model' enabled it to manufacture and assemble vehicles at a faster rate with lower capital expenditures and would result in greater profitability for Arrival compared to its competitors. (*Id.* ¶¶ 44-48, 136.) A microfactory uses advanced robotics and modular technology cells to manufacture vehicles in smaller factories with the assistance of fewer workers, as compared to an assembly line method used in traditional auto manufacturing. (*Id.* ¶¶ 44-45.)

Arrival also claimed that its microfactories were "poised and ready for mass production." (*Id.* ¶ 110.) Plaintiff claims "[t]he Registration Statement was inaccurate and misleading, contained untrue statements of material fact, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein." (*Id.* ¶¶ 191, 205.) Specifically, plaintiff alleges that the defendants made four categories of materially untrue statements, (1) the status of Arrival's microfactories; (2) the core features and purported advantages of the microfactories; (3) key attributes of Arrival's vehicles including the total cost; and (4) Arrival's financial outlook including revenues associated with the microfactory model. (*Id.* ¶ 109.)

Plaintiff asserts that Arrival's subsequent disclosures and fund raising (a convertible notes offering and a Follow-on Offering of shares) indicated that Arrival's previous statements about its microfactory model and its long-term profitability were untrue. (*Id.* ¶¶ 155, 163-167.) Plaintiff's shares of Arrival declined in value as a result of defendants' materially untrue and misleading statements. (*Id.* ¶¶ 162,168.) On April 8, 2022, plaintiff initiated this action alleging violations of Sections 11, 12 (a) (2), and 15 of the 1933 Act. (NYSCEF 1, Complaint.)

**651783/2022  LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL**
Motion No.  001

**Page 3 of 9**

[* 4]

Prior to the commencement of this action, other shareholders of Arrival filed putative class actions in the United States District Courts for the Southern District of New York, , i.e., *Schmutter v Arrival S.A.,* No. 1:21-cv-11016-NRB (SDNY filed Dec. 22, 2021) (SDNY Action) and the Eastern District of New York, i.e., *Sanchez v Arrival S.A.,* No. 1:22-cv-00172-DG-RLM (EDNY filed Jan. 12, 2022) (EDNY Action) asserting claims under Sections 10 (b) and 20(a) of the Securities and Exchange Act of 1934 (1934 Act) on behalf of all person and entities that purchased or acquired Arrival common stock between November 18, 2020 and November 19, 2021.[4] (NYSCEF 23, EDNY Original Complaint.) On September 12, 2022, approximately five months after this action was filed, the plaintiffs in the EDNY Action filed an amended complaint adding UBS Securities, Barclays, Cowen, CIIG Capital Partners and nine other individuals as defendants and adding claims under Sections 11, 12 (a) (2), 15 of the 1933 Act and Section 14 (a) of the 1934 Act. (NYSCEF 19, EDNY Amended Complaint.) On February 14, 2023, the plaintiffs in the EDNY Action amended their complaint adding claims against CIIG Merger Corp. (now known as Arrival Vault US, Inc.) (NYSCEF 57, EDNY Second Amended Complaint.)

The Movants seek to stay this action pursuant to CPLR 2201 pending the resolution of the EDNY Action because (1) plaintiffs in the EDNY Action assert the same claims, against all but one of the same defendants here, (2) it arises out of the same facts, and (3) plaintiffs in both actions seek the same relief.

---

[4] The SDNY plaintiffs filed a notice of voluntary dismissal of the SDNY Action on March 7, 2022. (NYSCEF 29, Movants' Memo of Law at 8.)

651783/2022   LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL                Page 4 of 9
Motion No.  001

4 of 9

## Discussion

Movants' motion to stay this action is granted. A court's decision to stay an action under CPLR 2201 is discretionary. (*See GE Oil & Gas, Inc. v Turbine Generation Servs., L.L.C.*, 140 AD3d 582, 583 [1st Dept 2016].) Factors relevant to the court's determination as to whether to stay an action include (1) which forum will offer a more complete disposition of the issues; (2) which forum has greater expertise in the type of matter; (3) which action was commenced first and the stage of the litigations; (4) whether "there is substantial overlap between the issues raised" in each court; (5) whether a stay will avert "duplication of effort and waste of judicial resources;" and (6) whether plaintiffs have demonstrated that they would be prejudiced by a stay or that there is a risk of inconsistent rulings. (*Asher v Abbott Labs,* 307 AD2d 211, 211-212 [1st Dept 2003]).

## A. Complete Disposition of the issues and Substantial Overlap between issues

The Movants claim that there is substantial overlap between this action and the EDNY Action. First, plaintiffs in both actions assert claims under Sections 11, 12(a)(2) and 15 of the 1933 Act, challenging almost the exact same disclosures which purportedly contained materially misleading statements or omissions. (NYSCEF 29, Movants' Memo of Law at 11-13.) Second, the putative class members (i.e. all persons or entities who purchased or otherwise acquired Arrival ordinary shares pursuant to or traceable to the registration statement and/or purchased or otherwise acquired Arrival shares pursuant to communications related to the de-SPAC transaction) are the same. Third, the claims are based on Arrival's statements about the microfactory model and its impact on production capability and Arrival's profitability were untrue. (NYSCEF 29,

**651783/2022 LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL**
**Motion No. 001**

**Page 5 of 9**

5 of 9

Movants' Memo of Law at 10.)  (See NYSCEF 9, Amended Complaint ¶¶ 124, 137, 113, 136, 114, 115, 129 compared to NYSCEF 57, EDNY Second Amended Complaint ¶¶ 117, 252, 243, 247, 282, 248, 249.)   In addition to the putative plaintiffs, there is substantial identity of parties between defendants in the two actions where all but one of the sixteen defendants in this action are also defendants in the EDNY Action. (NYSCEF 29, Movants' Memo of Law at 11.)  Further, plaintiffs in both actions seek money damages and equitable relief.[5]

Given the substantial overlap between the two actions, the Movants claim that the EDNY Action offers a more complete disposition of the case as it also encompasses claims under the 1934 Act which can only be raised in a federal court.[6]  (NYSCEF 29, Movants' Memo of Law at 13-14.)  While plaintiff admits to overlaps between the two actions, he challenges movants assertion that the actions are identical because the pleading standard is indisputably different; the 1933 Act claims filed in the EDNY Action would be subject to a heightened pleading standard as compared to the same claims in this action.  (*Camelot Event Driven Fund v Morgan Stanley & Co. LLC*, 77 Misc 3d 1232(A) [Sup Ct 2023].)  Prejudice is addressed below as it is a separate factor from substantial overlap and complete disposition.  Since the actions are nearly identical and

---

[5] The plaintiffs in the EDNY Second Amended Complaint seek compensatory damages and equitable relief.  (NYSCEF 57, EDNY Second Amended Complaint at 173.)  Plaintiff in this action seeks compensatory damages.  (NYSCEF 9, Amended Complaint at 81.)  Here, plaintiff also asserts a "right to rescind and recover the value exchanged for their shares, and hereby tender their Arrival shares to Defendants sued in this Count." (*Id.* ¶ 211.)  Therefore, as plaintiff seeks both compensatory damages and equitable relief here, the court finds that the relief overlaps with the EDNY Action too.

[6] *See Cyan, Inc. v Beaver Cty. Emples. Ret. Fund,* 138 S. Ct. 1061, 1066 (2018) (Private rights of action under the 1934 Act fall within the "exclusive jurisdiction" of the federal courts])

**651783/2022   LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL**                    **Page 6 of 9**
**Motion No.  001**

6 of 9

[* 6]

resolution of the EDNY Action will dispose of or limit the issues to be resolved in this action, the first factor favors a stay in this action pending the resolution of the EDNY Action. (*See Hipple*, 2022 NY Slip Op 50411(U), *2.)

## B. First to File and Stage of the Litigations

The Movants contend that the EDNY Action was filed months before this action and, thus, the first-filed action rule favors a stay. (*See Matter of PPDAI Group Sec. Litig*, 2019 NY Slip Op 51075 [U], *5 [Sup Ct, NY County 2019] ["general rule in New York is that the court which has first taken jurisdiction is the one in which the matter should be determined, and it is a violation of the rules of comity to interfere"] [internal quotation marks and citation omitted].) Plaintiff claims that this action was first-in-time to assert the 1933 claims. (NYSCEF 37, Plaintiff's Memo of Law at 14.)

The EDNY Action was not first in time with respect to the claims under the 1933 Act which were first raised in this action in April 2022 and were added in the EDNY Action only in September 2022. This factor favors no stay. (*See Convery v Jumia Techs.*, 2020 NY Slip Op 32639[U], *5 [Sup Ct, NY County 2020]].) Moreover, when plaintiff filed first, he chose this court. (*Macomb County Employees' Retirement Sys. v Venator Materials PLC* [N.Y. Sup Ct, New York County 2020].) The second factor though significant, is not dispositive. (*Certain Underwriters at Lloyds, London v Millennium Holdings LLC*, 13 Misc 3d 1204(A) [Sup Ct 2006], *affd*, 44 AD3d 536 [1st Dept 2007].)

## C. Expertise

As there is no disagreement between the parties about the expertise of this court to adjudicate the claims under the 1933 Act, this factor is neutral.

**651783/2022 LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL**
Motion No. 001

**Page 7 of 9**

7 of 9

## D. Duplication of Effort and Waste of Judicial Resources

The Movants contend that allowing two entirely overlapping actions to proceed simultaneously will result in duplication of effort and waste judicial resources and therefore a stay should be granted in this action. (NYSCEF 29, Movants' Memo of Law at pgs. 14-15; NYSCEF 51, Movants' Reply Memo of Law at 15-16.)

Plaintiff counters that the mere fact that two trials will be conducted simultaneously does not provide an appropriate basis for a stay and coordination of the two actions will mitigate any risk of duplication. (NYSCEF 37, Plaintiff's Memo of Law at 17.) While it is indeed correct that the possibility of two trials in actions involving differing claims is not a basis for a stay and cooperation between parties and courts in sophisticated securities cases usually addresses concerns pertaining to duplication of effort and waste of judicial resources (*Convery*, 2020 NY Slip Op 32639[U], *6), the actions here involve entirely overlapping claims, as discussed above. As there is substantial overlap between the two actions, this factor weighs in favor of a stay. This court reached a different result on this issue in *Convery* "where the actions involve[d] differing claims, the possibility or actuality of two trials is of no importance" because the claims at issue in the federal and state actions were different. (*Id*.)

## E. Prejudice and risk of inconsistent rulings

Plaintiff claims that it would be prejudiced by a stay of this action as the 1933 Act claims asserted by it in this action would be subject to a heightened pleading standard in the EDNY Action. (NYSCEF 37, Plaintiff's Memo of Law at 17.) Relying on *Convery*, 054plaintiff contends that this factor is dispositive. (2020 NY Slip Op 32639[U], *6; NYSCEF 37, Plaintiff's Memo of Law at 16-17.) Plaintiff's reliance on *Convery* is

**651783/2022   LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL**
Motion No.  001

**Page 8 of 9**

8 of 9

misplaced since there were multiple reasons for the stay in *Convery;* prejudice was not dispositive.  The movants counter that this factor is neutral because New York applies a heightened standard to fraud claims.  While movants statement of the law is correct for a fraud claim, the law in New York is clear that this heightened pleading standard does not apply to claims in New York State Courts under the 1933 Act.  (*Feinberg v Marathon Patent Group Inc.*, 193 AD3d 568 [1st Dept 2021].)  This factor does not favor a stay.

However, the court agrees with movants that the risk of inconsistent rulings is material here because of the significant overlaps.

The court has considered all other arguments and they do not demand a different result.  A stay is appropriate in this case.

Accordingly, it is

ORDERED that motion of defendants Arrival, UBS Securities LLC, Barclays Capital Inc. and Cowen & Company LLC to stay the action is granted and further proceedings in this action are stayed, except for an application to vacate or modify this stay; and it is further

ORDERED that either party may make an application by order to show cause to vacate or modify this stay following final adjudication of the EDNY Action.

| | | |
|---|---|---|
| **2/17/2024** | | **ANDREA MASLEY, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

651783/2022   LIOUBININE, ALEXANDRE vs. ARRIVAL ET AL
Motion No.  001

Page 9 of 9

9 of 9