**Oxford Fin. LLC v Makesh**

2024 NY Slip Op 33150(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 651051/2024

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MELISSA A. CRANE**                                PART          **60M**

*Justice*

-----------------------------------------------------------------X

OXFORD FINANCE LLC,

                              Plaintiff,

               - v -

NESIAN JEAN MAKESH, JEAN NESIAN

                      Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651051/2024 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27,

were read on this motion to/for          __JUDGMENT - SUMMARY IN LIEU OF COMPLAINT__.

In Motion Seq. No 01, Plaintiff Oxford Finance LLC moved for summary judgment in lieu of complaint against Defendants Nesian Jean Makesh and Jean Nesian under the Limited Payment Guaranty and Surety Agreement (Guaranty) (Doc 7 [Guaranty]).

CV Lantern Properties, LLC; Madison Lantern Properties, LLC; and Saybrook Lantern Properties, LLC are owners of property where Orcus Systems and Solutions, Inc.; Lantern of Saybrook, INC.; and Lantern of Chagrin Valley, Inc. (collectively, "Borrowers") operate assisted living facilities in Ohio. Oxford Finance LLC is a financial services firm with its principal place of business in Virginia, and with offices located in Alexandria, Virginia and San Diego, California. On May 6, 2021, plaintiff and defendants entered into a loan agreement for $24 million (Doc 4 [Original Loan Agreement]; *see* Doc 6[Notes]).

On May 6, 2021, defendants signed the Guaranty. Under the guaranty, in exchange for the financial benefit of the loan, "guarantor unconditionally guarantie[d] the full and prompt payment and performance when due…. and (ii) the prompt, full and faithful discharge of all

[* 1]

obligations, including, without limitation, each and every term, condition, agreement, representation, and warranty now or hereafter made by Credit Parties to Agent and/or lenders pursuant to or under the Loan Agreement and the other Loan Documents" (Doc 7 at 1). Section 2 of the Guaranty provided that "Guarantor's aggregate liability under, and the aggregate amount of the payments made by Guarantor pursuant to this Guaranty shall not exceed the Liability Limit. The 'Liability Limit' is equal to the sum of (i) Five Million and No/100 Dollars ($5,000,000.00), plus (ii) Enforcement Costs" (*id.* at 2, §2).

In Section 3 of the Guaranty, guarantors agreed to pay all enforcement costs, defined as "all costs and expenses, including, without limitation, all court costs and reasonable attorneys; and paralegals' fees, paid or incurred by Agent and Lenders in endeavoring to collect all or any part of the Obligations from, or in prosecuting any action against, Guarantor of all or any part of the Obligations" (*id.*, §3).

Lender and borrowers amended the loan agreement on May 2, 2022 after events of default occurred (Doc 5 at 1 [First Amendment]). The plaintiff agreed to waive the events of default in exchange for imposing minimum average daily occupancy provisions for defendants to abide by, as well as a Cash Collateral Reserve (*id.* at 4, §10.3). On November 9, 2022, after the borrowers breached the first amendment, plaintiff filed an Acceleration of Obligations requiring the loan to become immediately due (Doc 8 [Acceleration Notice]).

Pursuant to a Forbearance Agreement signed on December 14, 2022, plaintiff agreed to halt their excision of their rights to enforce for a forbearance period until March 15, 2023 (Doc 9 [Forbearance Agreement]). In exchange, borrowers and defendants agreed to comply with forbearance covenants (*id.* at 3, §5). The plaintiff sent a signed notice of termination of the forbearance period to defendants on March 20, 2023 (Doc 10 [Notice of Termination of

[* 2]

Forbearance]). After the plaintiff filed a receivership action in Ohio court, a receiver was appointed to possess immediately defendants' property and any financial accounts (Doc 11 [Order Appointing Receiver]). A demand letter was sent to defendants on February 26, 2024, for the Liability Limit of $5,000,000 plus "Enforcement Costs" (Doc 12 [Demand Letter]).

Plaintiff now moves for summary judgment in lieu of complaint against defendant under the Guaranty. Plaintiff seeks a judgment in the amount of $5,000,000 plus all enforcement costs (Liability Limit [see Doc 7]).

## DISCUSSION

CPLR 3213 provides for accelerated judgment where the instrument sued upon is for the payment of money only and the right to payment can be ascertained from the face of the document without regard to extrinsic evidence, "other than simple proof of nonpayment or a similar *de minimis* deviation from the face of the document" (*Weissman v Sinorm Deli, Inc.*, 88 NY2d 437, 444 [1996]; *see Arbor-Myrtle Beach PE LLC v Frydman*, 2021 NY Slip Op. 30223[U], 2 [Sup Ct, NY County 2021], *affd* 2022 NY Slip Op. 00806 [1st Dept 2022]). Generally, an action on a guaranty is an action for payment of money only (*see e.g. Cooperative Centrale Raiffesisen-Boerenleenbank, B.A., "Rabobank Intl.," N. Y. Branch v Navarro*, 25 NY3d 485, 492 [2015]) ("*Cooperative Centrale*"). The same standards that apply to motions for summary judgment under CPLR 3212 apply to CPLR 3213 motions. Movant must make a prima facie case by submitting the instrument and evidence of the defendant's failure to make payments in accordance with the instrument's terms (*see Weissman*, 88 NY2d at 444; *Matas v Alpargatas S.A.I.C.*, 274 AD2d 327, 328 [1st Dept 2000]). "A guaranty may be the proper subject of a motion for summary judgment in lieu of complaint whether or not it recites a sum certain, and the need to consult the underlying documents to establish the amount of liability

3 of 7

[* 3]

does not affect the availability of CPLR 3213" (*Bank of Am., N.A. v Solow*, 19 Misc 3d 1123(A) [Sup Ct, NY County 2008]).

### Plaintiff's Prima Facie Entitlement to Summary Judgment in Lieu of Complaint

Plaintiff has established prima facie entitlement to summary judgment in lieu of complaint. Here, the Guaranty is an instrument for the repayment of money only and thus qualifies for CPLR 3213 relief. Plaintiff submits the Loan Agreement, the Guaranty, and the affidavit of Patrick McLenahan, the Executive Director of Oxford Finance LLC (Doc 3 [Affidavit or Affirmation in Support of Motion]). McLenahan sets forth the basis for those amounts owed and defendants nonpayment (*id.* at ¶13-15).

Plaintiff is entitled to recover the liability limit under the Guaranty. Plaintiff's evidence demonstrates that the defendants agreed to responsible for the loan debt (up to $5 million plus enforcement costs), that the borrowers defaulted on the loan and never repaid the amounts owed, and that defendants did not pay the outstanding sums. However, Plaintiff has not established that it is entitled to enforcement costs because it has not submitted proof of any costs or fees it has incurred. Accordingly, the motion is denied with respect to enforcement costs.

### Defendant's Opposition

Defendants argue that the Guaranty is not an instrument for the payment of money only, alleging that plaintiff relies on the underlying documents to determine obligations and events of default. This claim is unavailing. The Guaranty explicitly states the liability limit. Further, the Guaranty refers to the Loan Agreement to define Events of Default to determine if the amount should be altered. Accordingly, that does not affect availability of relief under CPLR 3213 (*see Bank of Am., N.A. v Solow*, 19 Misc 3d 1123(A) [Sup Ct, NY County 2008] ["A guaranty may be the proper subject of a motion for summary judgment in lieu of complaint whether or not it

recites a sum certain, and the need to consult the underlying documents to establish the amount of liability does not affect the availability of CPLR 3213."]).

In addition, a provision in the instrument that refers to another document for the definition of a term may still be an instrument for the payment of money only (*Boland v Indah Kiat* 291 AD2d 942 [1st Dept 2002]). The Guaranty states that "guarantor unconditionally guaranties the full and prompt payment and performance when due, whether at maturity or earlier, by reason of acceleration or otherwise, and sometimes thereafter, of all obligations (as defined in the loan agreement)" (Doc 7 at 1). The loan agreement states:

> "Obligations shall mean: (a) all loans, advances and other extensions of credit made by Agent for the account of the Lenders to Borrowers (or any one of them), or to others for Borrowers' account (including the Term Loan); (b) any and all other indebtedness, obligations and liabilities which may be owed by Borrowers to Agent or any Lender and arising out of, or incurred in connection with, this Agreement or any of the other Loan Documents (including all Out-of-Pocket Expenses, any applicable Prepayment Premium and Exit Fee), whether (i) now in existence or incurred by Borrower from time to time hereafter, (ii) secured by pledge, lien upon or security interest in Borrowers' assets or property or the assets or property of any other person, firm, entity or corporation, (iii) such indebtedness is absolute or contingent, joint or several, matured or unmatured, direct or indirect, or (iv) Borrowers are liable to Agent or any Lender for such indebtedness as principals, sureties, endorsers, guarantors or otherwise; (c) without duplication, Borrowers' liabilities to Agent under any instrument of guaranty or indemnity, or arising under any guaranty, endorsement or undertaking which Agent, on behalf of the Lenders, may make or issue to others for the account of Borrowers (or any one of them) pursuant to or in connection with the Loan Documents, including any accommodations extended by Agent with respect to Agent's acceptance of drafts or Agent's endorsement of notes or other instruments for Borrowers' account and benefit; (d) without duplication, Borrowers' obligations and liabilities under the Bank Products Agreement; and (e) any and all indebtedness, obligations and liabilities incurred by, or imposed on, Agent or any Lender arising out of or under the Loan Documents as a result of environmental claims relating to any Borrower's operations, premises or waste disposal practices or disposal sites"

(Doc 4 at 15).

The court rejects Defendants' contention that the Guaranty is not an instrument for the payment of money only because it states, "payment and performance." The "Obligations" are all

[* 5]

financial in nature. That is, there is no obligation to perform anything other than tendering payment for borrowers' debts. Further, additional provisions in a guaranty do not bar CPLR 3213 relief when they do not require additional performance as a condition precedent to payment (*see e.g. DB 232 Seigel Mezz LLC v Moskovits*, 223 AD3d 610, 611 [1st Dept 2024] ["That the guaranties reference a performance obligation does not bar accelerated treatment under CPLR 3213 where, as here, the operative provision defined defendants' obligation as the "full and punctual payment" of the borrower's obligations to plaintiff."]; *Varadero Master Fund, L.P. v Gomez*, 219 AD3d 1240, 1241 [1st Dept 2023]).

Plaintiff has met its burden of establishing its prima facie entitlement to judgment as a matter of law with respect to $5 million under the guaranty. Defendants have not raised an issue of fact to preclude granting this motion as to the $5 million amount.

### Defendants' Cross Motion

Defendants' cross motion for a stay pending the results of the receivership action in Ohio is denied. To impose a stay in one action pending the resolution of a related action, there must be a complete identity of parties, claims, and reliefs sought in the two actions (*see* CPLR 2201; *Asher v Abbott Labs*, 307 A.D.2d 211 [1st Dept 2003]). If the collateral is sold in the Ohio action, defendants' liability as guarantors may be reduced as necessary.

### Conclusion

The court has considered the parties' remaining contentions and finds them unavailing. Plaintiff's motion is granted to the extent that it is entitled to a judgment for $5 million. The motion is otherwise denied. The denial is without prejudice to a new motion, made upon proper papers, to recover enforcement-related expenses. Plaintiff has 20 days from the date of this decision and order to move for its enforcement costs, otherwise waived.

[*6]

Accordingly, it is

**ORDERED** that the motion for summary judgment in lieu of complaint is granted in part, and the Clerk is directed to enter judgment in favor of plaintiff and against defendants NESIAN JEAN MAKESH, JEAN NESIAN, jointly and severally, in the amount of $5,000,000, together with post-judgment interest at the statutory rate from the date of this decision and order, and with costs and disbursements as calculated by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the part of the motion requesting Enforcement Costs under the Guaranty is denied without prejudice to a new motion upon proper papers to be filed within 20 days from the date of this decision and order, otherwise waived; and it is further

**ORDERED** that defendants' cross motion requesting to stay this action is denied; and it is further

**ORDERED** that there shall be no motion to renew or reargue without a pre-motion conference; and it is further

**ORDERED** that the Clerk is directed to mark this case disposed.

| | |
|---|---|
| **9/6/2024** | |
| **DATE** | Hon. Melissa A. Crane, J.S.C. |

| CHECK ONE: | [X] CASE DISPOSED | [ ] NON-FINAL DISPOSITION |
|---|---|---|
| | [ ] GRANTED [ ] DENIED | [X] GRANTED IN PART [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE |