D'Alessandro v Kushner (2025 NY Slip Op 50240(U))

[*1]

D'Alessandro v Kushner

2025 NY Slip Op 50240(U)

Decided on February 25, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 25, 2025
Supreme Court, New York County

David D'Alessandro, JASON D'ALESSANDRO, CLD, LLC, ADVANCED ROYAL TRACKING, LLC, SMALL VENTURES USA, LP, Plaintiff,

against
David Kushner, LA MANCHA FUNDING CORP., Defendant.

Index No. 650006/2021

Robert R. Reed, J.

By Rule 24 submission dated February 3, 2025, counsel for defendants David Kushner and La Mancha Funding Corp. seek leave to file a motion, pursuant to CPLR 2201, seeking a stay of this action during the pendency of the New York State criminal action against defendant David Kushner. No opposition to the application was received by the court.
Courts "may grant a stay of proceedings" in general "upon such terms as may be just" (CPLR § 2201). When deciding whether to issue a stay under section 2201, courts consider "issues of comity, orderly procedure, and judicial economy" (Asher v. Abbott Labs., 307 AD2d 211 [1st Dep't 2003]). Courts possess "broad discretion" to grant stays where "appropriate," such as where a separately ongoing proceeding "could dispose of or limit the issues to be resolved in the pending litigation" (Michilli, Inc. v. Aquavit, Inc., 71 Misc 3d 1205(A) [NY Sup Ct Apr. 7, 2021]).
Here, it is this court's view that a stay of this civil action is appropriate. The protection of the right against self-incrimination is an important consideration of the court and a stay of this proceeding will further judicial economy and orderly procedure given the nature of the pending criminal action against Kushner and the substance of the civil claims asserted against him herein (DeSiervi v Liverzani, 136 AD2d 527 [2d Dept 1988][while the stay of an action pending the resolution of the criminal prosecution may cause inconvenience and delay to the plaintiff, the protection of [defendant's] constitutional right against self-incrimination is the more important consideration; Asher, 307 AD2d 211]). Additionally, plaintiffs have not opposed the application or identified any undue prejudice resulting from a stay of proceedings.
Accordingly, it is hereby
ORDERED that the application of defendants for an order staying further proceedings in this action, except for an application to vacate or modify said stay, is granted; and it is further
ORDERED that either party may make an application by order to show cause to vacate or modify this stay upon the final determination of the proceeding known as People v. David Kushner, commenced upon indictment no. 75099/2024, currently pending before the Supreme Court of the State of New York; and it is further
ORDERED that the movant is directed to serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office within ten days from entry and the Clerk shall mark this matter stayed as herein provided; and it is further
ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).
DATE February 25, 2025
ROBERT R. REED, J.S.C.