## H.I.G. Realty Fin. II, LLC v Kuperwasser

2025 NY Slip Op 30933(U)

March 21, 2025

Supreme Court, New York County

Docket Number: Index No. 651815/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

H.I.G. REALTY FINANCING II, LLC,

                                          Plaintiff,

                          - v -

SHAUL KUPERWASSER, YITZCHOK KLOR

                                          Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651815/2024 |
| **MOTION DATE** | 11/29/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 47, 48, 49, 50, 51, 52, 53, 54, 55, 67, 68

were read on this motion to                          DISMISS/STAY                          .

Defendants Shaul Kuperwasser and Yitzchok Klor (the "Guarantors") move to dismiss

this action pursuant to CPLR 3211(a)(4), or alternatively to stay this action pursuant to CPLR

2201 and CPLR 3211(a)(4), on the grounds that a related litigation, *Cacciatore v Klor* (Dkt. No.

2023 CH 08396) ("*Cacciatore II*"), is pending in the Circuit Court of Cook County, Illinois, and

that the resolution of that case will directly impact the outcome of this action.  Plaintiff H.I.G.

Realty Financing II, LLC ("HIG") opposes the motion, arguing that this case involves different

parties, claims, and relief, and that dismissing this action is not warranted and staying it would

cause unnecessary delay.  For the reasons set forth below, the motion to dismiss and/or stay is

**denied**.

Background

On March 12, 2020, HIG entered into a Mezzanine Loan Agreement (the "Loan Agreement")

to loan $10,223,000 to East Chestnut Realty Holdings LLC, which was controlled by the

651815/2024   H.I.G. REALTY FINANCING II, LLC vs. KUPERWASSER, SHAUL ET AL          Page 1 of 7
   Motion No.  002

1 of 7

Guarantors (NYSCEF 32 § 2.1; Schedule 4). In connection with the loan, Guarantors simultaneously signed a Mezzanine Guaranty of Recourse Obligations (the "Recourse Guaranty"). The Recourse Guaranty provided that "[e]ach Guarantor . . . irrevocably, absolutely and unconditionally guarantee[d] to Lender [] the full, prompt and complete payment when due of the Guaranteed Obligations" (*id.* § 2[a]), and defined the "Guaranteed Obligations" to include

> (i) Borrower's Recourse Liabilities, (ii) from and after the date that any Springing Recourse Event occurs, payment of all the Debt, (iii) all Environmental Guaranteed Obligations and (iv) both (x) the payment of any Cap Recovery Costs (if any) incurred by the Lender and (y) if Borrower fails to enter into an Interest Rate Protection Agreement as and when required . . . any amounts that would have been payable by the counterparty to such . . . Agreement pursuant to the terms thereof . . . .

(NYSCEF 34 § 1[b]). The Recourse Guaranty included a forum selection clause designating that all disputes relating to the Guaranty will be litigated in New York (*id.* § 9[b]).

Under the Loan Agreement, a "Springing Recourse Event" included a situation in which a

> Borrower Control Party . . . seeks a defense, judicial intervention or injunctive or other equitable relief of any kind or asserts in a pleading filed in connection with a judicial proceeding any defense against Lender or any right in connection with any security for the Loan, *unless raised by such Borrower Control Party in a good faith, non-frivolous manner, as finally determined by a court of competent jurisdiction* . . . .

(NYSCEF 32 § 10.1[q][xii] [emphasis added].) "Borrower Control Party" is defined to mean "Borrower, Owner, Guarantor and any person that Controls Borrower or Owner or is under common Control with Borrower or Owner" (*id.* § 1.1).

On April 4, 2023, Joseph and Maria Cacciatore ("the Cacciatores"), Lacuna-Chestnut LLC, and 212 GP LLC filed an action in Illinois (*Cacciatore v Klor*, Dkt. No. 2023 CH 03273

651815/2024   H.I.G. REALTY FINANCING II, LLC vs. KUPERWASSER, SHAUL ET AL
Motion No. 002

Page 2 of 7

2 of 7

[* 2]

[Ill Cir Ct Cook County 2003] ["*Cacciatore I*"]), alleging that Guarantors, HIG, and related affiliates, committed fraud, breach of fiduciary duty, civil conspiracy, unjust enrichment, declaratory relief, and breach of contract in connection to real estate investments made in Illinois (NYSCEF 52).

On August 9, 2023, Guarantors submitted a response to the Cacciatores' motion for emergency injunctive relief (the "TRO") (NYSCEF 38). The following day, HIG sent Guarantors notice that by filing their response to the TRO, Guarantors, acting as Borrower Control Parties, had triggered the occurrence of a Springing Recourse Event (NYSCEF 39). *Cacciatore I* was later resolved by stipulation ("the Stipulation") on August 15, 2023 (NYSCEF 40). Section 8 of the Stipulation provides:

> If any foreclosure sale takes place with respect to the Collateral, and Borrowers do not contest the "commercial reasonableness " of the foreclosure or the way it has been or will be conducted, H.I.G. will waive the recourse events related to the foreclosure challenges that occurred on or before August 15, 2023, but H.I.G. will have the right to call subsequent recourse triggers based on events that occur on or after August 15, 2023

(*id*. at § 8).

On September 26, 2023, *Cacciatore II* was filed in the Circuit Court of Cook County, Illinois (NYSCEF 25 ¶ 27). The *Cacciatore II* plaintiffs – i.e., the Cacciatores, Lacuna-Chestnut LLC, and 212 GP LLC – filed an amended complaint on October 31, 2023 (NYSCEF 51). HIG was party to *Cacciatore I*, but not *Cacciatore II* (*id*.). In *Cacciatore II*, HIG's affiliates filed a motion for sanctions contending that the Cacciatores refiled the causes of action subject to the Stipulation in *Cacciatore I*, asserting the Cacciatores were in violation of the Stipulation. The court denied the motion (NYSCEF 25 ¶ 27). As relevant here, HIG alleges the filing of

651815/2024   H.I.G. REALTY FINANCING II, LLC vs. KUPERWASSER, SHAUL ET AL     Page 3 of 7
   Motion No.  002

3 of 7

*Cacciatore II* independently constituted a Springing Recourse Event under the Guaranty, claiming the Cacciatores were again acting as Borrower Control Parties (NYSCEF 41).

On April 8, 2024, HIG filed this action under CPLR 3213, seeking summary judgment in lieu of complaint on the Recourse Guaranty. This Court denied that relief on the grounds that determining whether a "Springing Recourse Event" required more than *de minimis* reference to documents outside of the Recourse Guaranty and Loan Agreement to determine if an event of default had taken place (NYSCEF 27; NYSCEF 29, at 48:8-9).

The Court permitted HIG to file a Complaint and ordered the action to proceed as a plenary action. HIG claims that the Cacciatores' actions and Guarantors' actions in connection with *Cacciatore I* and *Cacciatore II* each independently constitute a Springing Recourse Event.

Guarantors filed a motion to dismiss or stay this action under CPLR 3211(a)(4) on November 29, 2024 (NYSCEF 47). The Court heard oral argument on March 11, 2025.

Discussion

**(1) Motion to Dismiss Pursuant to CPLR 3211(a)(4) is denied.**

To dismiss a cause of action under CPLR 3211(a)(4), the movant must demonstrate that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires." "Pursuant to CPLR 3211(a)(4), an action should be dismissed 'where an identity of parties and causes of action in two simultaneously pending actions raises the danger of conflicting rulings relating to the same manner" (*Finch Property Holdings I, LLP v Blumenfeld*, 234 AD3d 521, 523-24 [1st Dept 2025] [quoting *Diaz v Philip Morris Cos., Inc.*, 28 AD3d 703, 705 [2nd Dept 2006]]). "With respect to the parties, the requirement is that there be substantial identity" (*White Light Prods. v On the Scene Prods., Inc.*, 231 AD2d 90, 93-94 [1st

Dept 1997]).  Moreover, "[w]ith respect to the subject of the actions, the relief sought must be the same or substantially the same" (*id.* at 94 [internal quotation marks omitted]).

Here, although there is some overlap between the underlying facts of this case and *Cacciatore II*, there is not a substantial identity of parties.  Most importantly, the movant (HIG) is not a party in *Cacciatore II*.  And *Cacciatore II* involves additional parties that are not before this Court (*see* NYSCEF 51).  Accordingly, there is not "another action pending between the same parties," nor is there a "substantial identity" of the parties (*see* CPLR 3211[a][4]; *White Light Prods.*, 231 AD2d at 94).

Nor are the causes of action in *Cacciatore II* substantially identical to those presented before this Court.  *Cacciatore II* pertains to the enforcement of the Stipulation to discontinue *Cacciatore I*, as well as related real estate disputes, whereas the case at hand involves a direct claim under the Recourse Guaranty (*see* NYSCEF 51).  The causes of action in the two cases do not "raise[] the danger of conflicting rulings relating to the same manner[,]" and the relief sought is not "the same or substantially the same" (*see Finch Property Holdings I, LLP*, 234 AD3d at 524; *White Light Prods.*, 231 AD2d at 94).

Finally, the forum selection clause in the Recourse Guaranty provides that disputes relating to that instrument will be litigated in New York (*see* NYSCEF 34 §9[b]), which is another factor against dismissal.

Accordingly, dismissal of this action under CPLR 3211(a)(4) is not warranted.

**(2) The Guarantors' motion to stay is denied.**

Although Defendants' alternative request to stay this action presents a closer question, it too is denied.  CPLR 3211(a)(4) grants a court discretion to "make such order as justice requires."  Additionally, CPLR 2201 states that "[e]xcept as otherwise prescribed by law, the

651815/2024   H.I.G. REALTY FINANCING II, LLC vs. KUPERWASSER, SHAUL ET AL    Page 5 of 7
Motion No.  002

5 of 7

court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just."

"[T]he power to stay [a proceeding] is discretionary" with the trial court (*Associated Sales Analysts, Inc. v Weitz*, 25 AD2d 64, 68 [1st Dept 1966]; *see Canadian Imperial Bank of Commerce v Commonwealth Ins. Co.*, 19 AD3d 211, 212 [1st Dept 2005]). A court may order a stay "when the other proceeding shares complete identity of parties, claims and relief sought . . . [or] when there is substantial identity" between the two actions (*Asher v Abbott Laboratories*, 307 AD2d 211 [1st Dept 2003]; *see Canadian Imperial Bank*, 19 AD3d at 212). A stay is appropriate when "there is substantial overlap between the issues raised in the two proceedings[,]" particularly when one "action may well determine the underlying issue" in the other action (*Asher*, 307 AD2d at 212; *Trinity Products, Inc. v Burgess Steel LLC*, 18 AD3d 318, 319 [1st Dept 2005]). A stay is appropriate when the resolution in one matter will clearly decide the questions involved in the other matter (*see Asher*, 307 AD2d at 211; *Trinity Products, Inc.*, 18 AD3d at 319).

Here, on balance, the facts weigh against a stay. First, as noted above, *Cacciatore II* involves different parties and different issues. This case involves potential liability under the Recourse Guaranty, while *Cacciatore II* pertains to the enforcement of the Stipulation and related allegations of fraudulent activity concerning real estate investments in Illinois (*id*. at 212). It is far from clear that the resolution in *Cacciatore II* will have any impact on a determination of whether a Springing Recourse Event took place under the Recourse Guaranty. HIG previously sought sanctions in *Cacciatore II* on the basis that the litigation was frivolous and brought in bad faith, but the Illinois court denied the motion (*see* NYSCEF 25 ¶ 27). There

[* 6]

can be no assurance that the Illinois Court will revisit the issue or provide a ruling that directly determines whether a Springing Recourse Event has occurred.

Moreover, HIG maintains an independent basis for a Springing Recourse Event arising from the Guarantors support of a TRO motion related to *Cacciatore I.* While HIG may face some hurdles in establishing a Springing Recourse Event arising from the TRO motion in *Cacciatore I*, specifically given Section 8 of the Stipulation (*see* NYSCEF 14), that issue has not yet been decided.

The Court has carefully weighed the pros and cons of staying this action and concludes, on balance, that a stay is not in the interests of justice or efficiency. While it is possible this Court and the Illinois Court will be addressing similar fact questions, that is far from certain. What is certain is that a stay will delay the resolution of this case, which the parties specifically agreed should be litigated in New York.

Accordingly, it is

**ORDERED** that the motion to dismiss or stay is **denied**; it is further

**ORDERED** that the parties upload a copy of the transcript of the March 11, 2025 oral argument to NYSCEF upon receipt.

This constitutes the Decision and Order of the Court.

20250321101725MC0HEN8871012F71474F3EBB263EBDDDA0AF2D

| 3/21/2025 | |
|---|---|
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |