Spring Scaffolding LLC v Krall (2025 NY Slip Op 05482)

Spring Scaffolding LLC v Krall

2025 NY Slip Op 05482

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ.

Index No. 159748/23|Appeal No. 4868|Case No. 2024-05969|

[*1]Spring Scaffolding LLC, Plaintiff-Appellant,

v

Benjamin Krall et al., Defendants-Respondents.

Bochner PLLC, New York (Serge Krimnus of counsel), for appellant.

Kaufman Dolowich LLP, New York (Patrick M. Kennell of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about August 20, 2024, which granted defendants' motion to dismiss the first amended complaint or stay the action to the extent of staying the action pending final resolution of a related action pending in the United States District Court for the Eastern District of New York, captioned Urban Intelligence Inc. v Spring Scaffolding LLC (Index No. 1:23-cv-01789), unanimously affirmed, with costs.

Supreme Court did not improvidently exercise its discretion in staying this action in accordance with CPLR 2201 and 3211(a)(4) pending resolution of the first-filed and related federal action. A stay may be appropriate even absent complete identity of parties when there is substantial identity of both parties and issues such that "the determination of the prior action may dispose of or limit issues which are involved in the subsequent action" (see Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 96 [1st Dept 2013]; Belopolsky v Renew Data Corp., 41 AD3d 322, 322-323 [1st Dept 2007]; Asher v Abbott Labs., 307 AD2d 211, 211 [1st Dept 2003]). Contrary to plaintiff's assertion, it is not the only party in common in each action. Plaintiff alleged that Urban Intelligence Inc. (the plaintiff in the federal action) and Urban Umbrella Enterprises LLC (a defendant in this action) are related and controlled by the same individual and that they committed the same misconduct, including sending the same so-called "Tortious Letters." Since plaintiff is seeking "the same damages for the same alleged injuries relating to the same transaction from close corporate affiliates," the parties have "substantially similar identities for purposes of the first-in-time rule" (Syncora Guar. Inc., 110 AD3d at 96 [internal quotation marks omitted]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 7, 2025